UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>CARLOS LOPEZ,<br>                                        Defendant. | 16-CR-317 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

The Court has received an application from defendant Carlos Lopez seeking his compassionate release from the Metropolitan Detention Center ("MDC") in Brooklyn, New York, pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates. *See* Dkt. 631 ("Lopez Filing") at 4–6; *see also* Dkt. 637 (attaching same letter); Dkt. 638 (same).

In 2018, Lopez pled guilty to one count of conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(c). *See* Dkt. 552 (plea transcript) at 16, 31. On January 26, 2018, the Hon. Katherine B. Forrest sentenced Lopez to a term of 120 months' imprisonment. *See* Dkt. 586 (sentencing transcript) at 20. Since his arrest in July 2017, Lopez has been incarcerated, *see* Dkt. 480; he has served almost 36 months of his sentence. *See* Dkt. 633 at 2 ("Def. Mem."); Dkt. 635 at 2 ("Gov't Opp'n") at 4. Assuming good behavior, Lopez's estimated release date is February 3, 2026. Gov't Opp'n at 4.

On March 29, 2020, Lopez filed an email request for compassionate release, based on his health conditions including asthma and a heart murmur, with the warden of the MDC. *See* Def.

Mem. at 2; Gov't Opp'n at 4; *see also* Lopez Filing at 4.  On April 20, 2020, the warden denied Lopez's request.[1]  *Id.*  Since that time, the 30-day time period for administrative review by the Bureau of Prisons ("BOP") of Lopez's application has expired.  *Id.*  On May 26, 2020, the Court received an undated letter from Lopez, seeking compassionate release pursuant to § 3582.  *See* Lopez Letter.  The Court issued an order, stating that it was construing the letter as a *pro se* application for compassionate release.  Dkt. 631 at 1.  The Court asked that Lopez's trial counsel submit a letter in support of the application and that the Government thereafter submit a letter setting forth its position.  *Id.*  On May 28, 2020, Lopez's counsel filed a memorandum in support.  Def. Mem.  On June 1, 2020, the Government filed a response, arguing that the application should be denied because, *inter alia*, Lopez has not served the bulk of his sentence.  *See* Gov't Opp'n at 8.  For the reasons that follow, the Court denies Lopez's application.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence.  *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)).  Relevant here, the Commission's policy

---

[1] The Court received a copy of this denial in a June 4, 2020 letter from Lopez.  *See* Dkt. 637 at 2.

statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[2] U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § 1B1.13(2)–(3).

The first of these factors may favor Lopez's early release. The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration. And the crowded nature of federal detention centers such as the MDC presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[3] Lopez has been formally designated as an inmate at high risk, as he suffers from several medical conditions, including asthma. Gov't Opp'n at 4. The Court thus finds Lopez's claim persuasive that COVID-19 may present a heightened risk for him. And realistically, a heightened-risk inmate who contracts the virus while in prison will face challenges in caring for himself. For these reasons, in the past three months, numerous courts,

---

[2] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts. *Ebbers*, 2020 WL 91399, at *1, 4.

[3] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020, updated May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

including this one, have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of inmates serving federal sentences.[4]

In opposing Lopez's application, the Government contends that given Lopez's offense and criminal history, he may pose a danger to the community if released. *See* Gov't Opp'n at 7–8. That Lopez distributed large quantities of cocaine to a leader of the gang and has an extensive criminal history that situated him at sentencing in Criminal History Category V suggests a risk of recidivism and future drug dealing. On the other hand, it is uncontested that Lopez was not affiliated with the gang and that his offense conduct did not entail violence. It further appears that the vast majority of Lopez's criminal record entails drug possession and other non-violent (*e.g.*, vehicular) offenses. *See* Dkt. 567 ("PSR") at 18–23. Ultimately, the Court need not resolve whether Lopez in fact poses a danger to the community to a degree that precludes compassionate release, because the Court concludes that such release is unwarranted for an independent reason: A reduction of Lopez's prison sentence to time served is inconsistent with the "factors set forth in section 3553(a)," and 18 U.S.C. § 3582(c)(1)(A), taken together.

---

[4] *See, e.g.*, *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence and was scheduled for release in four months); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19").

The Court is mindful that Judge Forrest, after a careful consideration of relevant facts, determined that a sentence of 120 months' imprisonment, the bottom of the applicable Guideline range, properly accounted for the assembled § 3553(a) factors and was the lowest sentence that could reasonably be imposed. Granting Lopez's motion would remove 84 months from this sentence, reducing it by 70 percent; even crediting Lopez with credit for time served, the reduction of sentence he seeks cuts his prison term by well more than half. The Court's judgment is that such an outcome is incompatible with the § 3553(a) factors, even recognizing that two of the § 3553(a) factors—the "history and characteristics of the defendant," and "the need to provide the defendant with needed . . . medical care"—today favor Lopez's release in light of the COVID-19 pandemic. That is because several other factors demand a higher sentence than that which Lopez to date has served: "the need[s] for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense, . . . [and] to afford adequate deterrence to criminal conduct." *Id.*

To be sure, in multiple cases where a defendant seeking release had served most or nearly all of his or her term of incarceration—and was at heightened risk from COVID-19—the Court has found that a fresh assessment of the § 3553(a) factors justified granting compassionate release.[5]

---

[5] *See, e.g.*, *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (defendant had served all but 34 days of a four-month sentence and had an immune-inflammatory disease); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (defendant was scheduled for release in four months and had asthma); *United States v. Knox*, No. 15 Cr. 445 (PAE), Dkt. 1078 (S.D.N.Y. April 2, 2020) (defendant was eligible for home confinement in two weeks' time). *But see United States v. Nissen*, No. 17 Cr. 477 (PAE), 2020 WL 2614825, at *3 (S.D.N.Y. May 22, 2020) (denying compassionate release motion and finding that a reduction of a 27-month sentence to seven months would be "highly inconsistent" with the 3553(a) factors); *United States v. Spencer*, No. 04 Cr. 1156 (PAE), Dkt. 73 (S.D.N.Y. May 13, 2020) (denying compassionate release motion for defendant who had, when accounting for good time, at least nine months remaining in 12-month sentence); *United States v. Walter*, No. 18 Cr. 834 (PAE), 2020 WL 1892063, at *3

Lopez's case, however, is easily distinguished.  By the Government's tabulation, even according full good time credit, Lopez has approximately 66 more months to serve.  Gov't Opp'n at 4.  Lopez's release now, or any time soon, is therefore incompatible with the sentence Judge Forrest thoughtfully imposed, even considering the new facts that have emerged in connection with the pandemic.  It would, the Court finds, undermine the goals of just punishment and general and specific deterrence that, in large part, undergirded that sentence.

Accordingly, finding that the § 3553(a) factors do not support a reduction of sentence, the Court denies Lopez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The denial is without prejudice to Lopez's ability to file a later application for compassionate release, made closer to Lopez's release date, which might then be compatible with the § 3553(a) factors.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 638 and to mail a copy of this order to Lopez.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: June 10, 2020
       New York, New York

---

(S.D.N.Y. Apr. 16, 2020) (denying compassionate release for defendant with gunshot wounds who had only served 17 months of a 62-month sentence); *United States v. Martin*, No. 18 Cr. 834 (PAE), 2020 WL 1819961, at *4 (S.D.N.Y. Apr. 10, 2020) (denying, in dicta, compassionate release motion for defendant who had served 16 months of a 66-month sentence); *United States v. Butler*, No. 18 Cr. 834 (PAE), 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release motion for recently sentenced defendant with asthma and cardiac condition who had only served 15 months in prison of 60-month sentence); *United States v. Credidio*, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (denying compassionate release motion for a defendant at heightened risk of COVID-19 who had served just two months of a 33-month sentence).