UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

CARLOS LOPEZ,

                         Defendant.

16 Cr. 317 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      The Court has reviewed the renewed application for compassionate release or a sentence reduction under 18 U.S.C. § 3582(c) filed on behalf of defendant Carlos Lopez, Dkt. 713 ("Def. Mem."), and the Government's letter in opposition, Dkt. 714 ("Opp'n").

      The Government argues at the threshold that Lopez's motion should be denied because he has failed to exhaust his administrative remedies. Opp'n at 7. However, it is unnecessary to decide whether Lopez properly exhausted his administrative remedies because the Court concludes, on the merits, that, for the same reasons substantially set forth in the Court's prior Order, a reduction of Lopez sentence is not supported by the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A).

      Lopez has now served approximately 48 months of the 120-month sentence imposed. *See* Opp'n at 9–10. In the Court's Order 14 months ago denying Lopez's motion for compassionate release, the Court found that release at that early point "or any time soon . . . would . . . undermine the goals of just punishment and general and specific deterrence." Dkt. 636 at 6. The overriding reason for the initial denial of Lopez's compassionate release—that he had served only a modest portion of the term of imprisonment that the Court determined was warranted under the 18 U.S.C. § 3553(a) factors, viewed in totality—remains persuasive today. The Court acknowledges that

Lopez suffers from asthma, which puts him at greater risk were he to contract COVID-19. Def. Mem. at 3. But this factor no longer can be claimed to merit significant weight in the § 3553(a) calculus as to Lopez. That is because Lopez has had the opportunity to receive a COVID-19 vaccine, which would have dramatically reduced his risk from the virus, but, in January 2021, Lopez refused the vaccine, and since then has not changed course. Opp'n at 3–4. Actions have consequences. Lopez cannot reasonably claim that his increased risk exposure to COVID-19 warrants a sentence reduction when he has declined to take the one action that—incarcerated or not—would materially reduce the risks to him from COVID-19. *See, e.g.*, *United States v. Bullock*, No. 18-CR-528 (JMF), 2021 WL 1550424, at *1 (S.D.N.Y. Apr. 20, 2021) (noting that defendant "cannot satisfy his burden of showing that relief is warranted based on the fact that he was offered, and he refused, a COVID-19 vaccine").

That said, the Court reiterates that—although Lopez's rejection of the vaccine deprives him of the ability to credibly claim to fear grave medical consequences from COVID-19—the unexpected hardship presented by the pandemic, and the severe conditions it has occasioned at FCI Gilmer and MDC Brooklyn, where Lopez has been held during the pandemic, would justify some reduction of the sentence imposed, albeit well short of the reduction Lopez seeks. It is nevertheless premature to measure the extent of that justified reduction, with the pandemic still a factor today. The Court will thus entertain a renewed application for release or reduction of sentence from Lopez significantly later in his prison term.

With the risks presented to him by COVID-19 largely removed from the equation, Lopez points to one other factor that he argues justifies a significant reduction that the sentencing Court determined to be just in his case. Lopez points to "the recent support by the Justice Department of the EQUAL Act, which would end the crack cocaine/powder cocaine sentencing disparity, and would apply retroactively," because if "a 1 to 1 ratio of crack cocaine to powder cocaine had

applied at Mr. Lopez's sentencing, his guidelines would have been considerably, and appropriately, lower." Def. Mem. at 1.  This measure, if enacted, may indeed eventually provide a separate source of support for a sentence reduction this case.  At the present time, however, the Court is unpersuaded that redressing the crack/cocaine disparity would justify a 50 percent reduction of the sentence that found just in Lopez's case.  The Court will entertain a renewed application for release or reduction of sentence from Lopez later in his prison term, and at that time will take into account arguments along the lines that Lopez makes relating to this disparity.

The Court accordingly denies Lopez's request for release at this time under § 3582(c), but without prejudice to his right to bring a renewed such application.  The Clerk of Court is respectfully directed to terminate the motion pending at docket 713.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated:  August 11, 2021
         New York, New York