

March 25, 2024

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

          Re:    **_United States v. Carlos Lopez_**
                   **16 Cr. 317 (22) (PAE)**

Dear Judge Engelmayer:

      On March 25, 2024, following extensive briefing, the Court issued an opinion and order reducing Mr. Lopez's sentence from 120 months to 117 months pursuant to 18 U.S.C. § 3582(c). *See* ECF No. 834. For the reasons that follow, I now respectfully ask the Court to modify its order to re-sentence Mr. Lopez to time served, rather than 117 months. The government takes no position on this request.

      At the direction of the Court, on Friday, March 22nd, the government forwarded the Court's Order to the Bureau of Prisons. Later that day, the government spoke with Adam Johnson, the BOP's regional counsel, to whom I also spoke this morning. He informed us of the following. Mr. Lopez, to his credit, completed the BOP's RDAP program. People who successfully complete the program receive a one-year reduction of their sentence, which is why Mr. Lopez's original release date in 2025 was moved forward to early July 2024. BOP regulations require, however, that in order to receive the sentence reduction credit for completing the RDAP program, a person must also complete 120 days in a Residential Reentry Center. *See* BOP Policy Statement § 5330.11 (Chpt. 2, p. 21), https://www.bop.gov/policy/progstat/5330.11.pdf.

      Mr. Lopez entered the RRC, where he currently is residing, only three weeks ago. Mr. Johnson informed the parties that if the BOP were to recalculate Mr. Lopez's sentence to 117 months pursuant to the Court's order, he would not have enough sentence left to spend 120 days in the RRC. That, in turn, would violate the terms of the RDAP program, which would cause Mr. Lopez to lose his 1-year sentence reduction. As a result, with a 117-month sentence Mr. Lopez would spend *more* time in BOP custody than he would with his original 120-month sentence. That, obviously, was not the goal of the sentence reduction motion, or, presumably, the Court's intent in reducing Mr. Lopez's sentence.

      Mr. Johnson informed the parties that at this point, the only avenue for effectuating the Court's intent to reduce Mr. Lopez's sentence by three months is to resentence him to "time served." Mr. Johnson confirmed this with the unit at the BOP that officially calculates

80 Broad Street, Suite 1900 • New York, New York 10004 • (T) 212-616-3042 • (F) 800-507-8507 • www.fmamlaw.com

sentences. With a sentence of time served, Mr. Lopez would be released from the half-way house and his sentence would not be subject to recalculation by the BOP.

In light of these circumstances and, given how close Mr. Lopez is to his official release date on the 120-month sentence (July 2, 2024), I respectfully urge the Court to modify its decision and to re-sentence Mr. Lopez to "time served." As noted, the government takes no position on this request.

Thank you for your consideration.

Sincerely,

/s/

Florian Miedel
*Attorney for Carlos Lopez*

Cc: AUSA Eli Mark

**GRANTED.** The Court resentences Mr. Lopez so as to impose a term of imprisonment of time served. This order does not affect the supervised release term that is to follow the term of imprisonment. The Clerk of Court is requested to terminate the motion at Dkt. No. 835.

3/26/2024

SO ORDERED.

*[signature]*

PAUL A. ENGELMAYER
United States District Judge